1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MAURICE W. HOOKER,

Case No.:  3:23-cv-1229-CAB-MMP

12

Petitioner,

13

v.

14

CALIFORNIA MEN'S COLONY, J. GASTELO, Warden,

15
16

Respondents.

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE**

17
18

On June 29, 2023, Petitioner, a state prisoner proceeding pro se, filed a Petition for

19

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 5, 2023, the

20

Court dismissed the case because Petitioner had failed to satisfy the filing fee requirement.

21

ECF No. 3; *see also* Rule 3(a), 28 U.S.C. foll. § 2254. The Court notified Petitioner that in

22

order to have his case reopened, he must either pay the $5.00 filing fee or provide adequate

23

proof of his inability to pay, no later than September 4, 2023. ECF No. 3. On July 24, 2023,

24

Petitioner filed a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 5.

25

**REQUEST TO PROCEED IFP**

26

According to his prison trust account statement, Petitioner has no funds on account

27

at the California correctional institution in which he is presently confined. ECF No. 5 at 5,

28

8. Petitioner cannot afford the $5.00 filing fee. Thus, the Court GRANTS Petitioner's

1  application to proceed in forma pauperis and allows Petitioner to prosecute the above-
2  referenced action without being required to prepay fees or costs and without being required
3  to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus
4  without prepayment of the filing fee.

5  **FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

6  The Petition must be dismissed because it appears a petition for writ of habeas corpus
7  pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claim Petitioner presents. To
8  raise a cognizable claim on federal habeas, a petitioner must be challenging constitutional
9  validity or duration of his or her confinement. *See* 28 U.S.C. § 2254(a); *Preiser v.*
10  *Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994).
11  Here, Petitioner's claims appear to challenge only the conditions under which he is
12  confined. Specifically, Petitioner raises for claims: (1) a correctional officer "destroyed"
13  much of his property, (2) he has been retaliated against for complaining about prison
14  conditions, (3) money was stolen from his trust account statement, and (4) his sentence
15  should be shortened because of "human rights violations" taking place in the prison. ECF
16  No. 1 at 6–9.

17  In no way does he claim his state court conviction violates the Constitution or laws
18  or treaties of the United States. Therefore, it is plain from that Petitioner is not presently
19  entitled to federal habeas relief because he has not alleged that the state court violated his
20  federal rights. *See* Rule 4, 28 U.S.C. foll. § 2254 (stating a habeas petition must be
21  summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits
22  annexed to it that the petitioner is not entitled to relief in the district court").

23  While challenges to the fact or duration of confinement are brought by petition for a
24  writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges to conditions of
25  confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*,
26  411 U.S. at 488–500. When a state prisoner is challenging the very fact or duration of his
27  physical imprisonment, and the relief he seeks is a determination that he is entitled to
28  immediate release or a speedier release from that imprisonment, his sole federal remedy is

a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). Because Petitioner challenges only the conditions of his prison life, and not the fact or length of his custody, he has not stated a cognizable habeas claim pursuant to § 2254**.**

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere in his Petition does Petitioner allege he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek such review. ECF No. 1 at 6–9. Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*,

23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.[1]

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's motion to proceed IFP and **DISMISSES** the Petition without prejudice.

**IT IS SO ORDERED.**

Dated:  July 27, 2023

_____

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1]     Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West 2006).